UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

Case No. 18-cv-11577
Hon. Matthew F. Leitman

v.

TERRY HERMAN,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF #11)

In this action, Plaintiff Malibu Media, LLC alleges that Defendant Terry Herman violated its copyrights when Herman downloaded certain movies that Malibu Media owns. (*See* Am. Compl., ECF #8.) On September 26, 2018, Malibu Media filed an *ex parte* motion asking the Court to allow it to serve Herman with a copy of the Summons and Amended Complaint through alternative service. (*See* ECF #11.) Malibu Media attached to its motion an affidavit from its process server. (*See* ECF #11-1.) In that affidavit, the process server explained that he unsuccessfully attempted to serve Herman at Herman's last known address on four different days. (*See* ECF #11-1 at Pg. ID 91.) The process server also reported that Herman had "many large aggressive dogs," that a woman who identified herself as the "property owner" and a neighbor both confirmed that Herman lived at the

1

address, and that the property owner "requested [that the process server] not return to her home." (*Id.*)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan. It provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2). "On a showing that service of process cannot reasonably be made as provided by this rule, [a] court may by order permit service of process to be made in any other manner reasonably calculated to give [a] defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1). "A request for an order under [Michigan Court Rule 2.105(I)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under

this rule and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. Rule 2.105(I)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

The Court is persuaded that Malibu Media has made diligent efforts to find and serve Herman personally with a copy of the Summons and Amended Complaint. Their process server has unsuccessfully attempted to serve Herman personally at his last known address on four occasions. The process server has also confirmed that address with both the property owner and a neighbor. And the process server has attempted service on different days of the week and at different times of the day. Under these circumstances, substituted service is warranted.

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED** that Malibu Media's Motion for Alternate Service (ECF #11) is **GRANTED**.

**IT IS FURTHER ORDERED THAT**, by no later than **November 5, 2018**, Malibu Media shall serve Herman by doing both of the following: (1) mailing the Amended Complaint, Summons, and this order to Herman's last known address by registered or certified mail, return receipt requested, and delivery restricted to the

addressee, and (2) tacking or firmly affixing the Amended Complaint, Summons, and this order to the door at Herman's last known address.

Herman shall answer or take other action permitted by law or court rule within twenty-one (21) days of service as described in this order. The failure to answer the Amended Complaint or take any other action may result in the Court entering a default and/or default judgment against Herman.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764